In re PACIFIC ATLANTIC
TRADING CO., Debtor.

UNITED STATES of America,
Claimant–Appellant,

v.

Robert F. TOWERS, Trustee–Appellee.

No. 92–16973.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 18, 1994.

Decided Aug. 18, 1994.

Gary D. Gray, Tax Div., U.S. Dept. of Justice, Washington, DC, for claimant-appellant.

Dennis D. Davis, Goldberg, Stinnett & MacDonald, San Francisco, CA, for trustee-appellee.

Before: WALLACE, Chief Judge, POOLE and CANBY, Circuit Judges.

WALLACE, Chief Judge:

The government appeals from a district court judgment in favor of the bankruptcy trustee and against the Internal Revenue Service (IRS). The government contends that a claim for tax liabilities retains its priority status under 11 U.S.C. § 507(a)(7) and its position in the order of distribution under section 726(a)(1) regardless of when proof of the claim is filed. The district court had jurisdiction pursuant to 28 U.S.C. § 158(a). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 158(d). We reverse.

## I

An involuntary petition under Chapter 7 of the Bankruptcy Code was filed against Pacific–Atlantic Trading Co. (Pacific Atlantic) on September 15, 1988. The IRS received notice of the bar date. IRS records indicated no unpaid tax liabilities of Pacific Atlantic but did show Pacific Atlantic had not filed any tax returns or made any installment payments of estimated taxes for 1985 through 1989.

The IRS opened a file for Pacific Atlantic on August 10, 1989, and correctly noted in the file the August 11, 1989, bar date. The IRS, however, did not examine Pacific Atlantic's potential tax liabilities until September 1990. On February 8, 1991, the IRS filed a proof of claim for federal corporate income taxes, penalties, and interest for the tax periods 1985 through 1988.

The trustee objected to the IRS's claim, contending the claim was filed after the bar date. The bankruptcy court agreed and entered summary judgment disallowing the IRS's claim in its entirety. The government appealed to the district court which affirmed, holding that the IRS's claim was not entitled to first priority status under 11 U.S.C. § 726(a)(1). The district court, however, remanded for the bankruptcy court to enter an order granting the IRS's claim third priority status under section 726(a)(3).

The IRS disputes the district court's construction of the Bankruptcy Code. The IRS concedes, as it must, that it had notice of the bankruptcy proceeding and potential tax liabilities of Pacific Atlantic yet failed to file a timely proof of claim as required by Bankruptcy Rule of Procedure 3002(c). The IRS contends that its claim is entitled to priority status under the Bankruptcy Code even if it fails to comply with Rule 3002(c). The IRS contends section 726(a)(1) draws no distinction between timely and tardy priority claims and thus its failure to comply with Rule 3002(c) has no effect on its claim's entitlement to first priority distribution.

## II

■ We review a district court's interpretation of the Bankruptcy Code de novo. *Acequia, Inc. v. Clinton (In re Acequia)*, 787 F.2d 1352, 1357 (9th Cir.1986). Interpretation of a statute must begin with the statute's language. *United States v. Ron Pair Enterps.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). We consider the language of the statute to be conclusive of its

meaning except in the most extraordinary circumstances. *Cowart v. Nicklos Drilling Co.,* —— U.S. ——, ——, 112 S.Ct. 2589, 2594, 120 L.Ed.2d 379 (1992); *Perroton v. Gray (In re Perroton),* 958 F.2d 889, 893 (9th Cir.1992).

Section 507(a) provides for eight categories of priority status for claims. At issue here is subsection 7 which gives priority status to *"allowed* unsecured claims of governmental units," such as claims for federal corporate income taxes. 11 U.S.C. § 507(a)(7) (emphasis added). Whether a claim is "allowed" depends on compliance with sections 501 and 502. Section 502(a) provides: "A claim or interest, proof of which is filed under section 501 of this title, is *deemed allowed,* unless a party in interest ... objects." (Emphasis added.) Section 501(a) simply states, "[a] creditor ... may file a proof of claim...." Section 502(b) "disallows" seven categories of claims, none of which include tardy claims.

Rule 3002 purportedly implements section 501. Rule 3002(a) provides that an unsecured creditor "must file a proof of claim ... in accordance with this rule for the claim or interest to be allowed,...." Rule 3002(c) establishes time limits for filing a proof of claim. The IRS admits it failed to comply with the time limits set forth in Rule 3002(c).

The district court stated that section 501, which provides that "[a] creditor ... may file a proof of claim," incorporates Rule 3002(c)'s time limit on filing a proof of claim. As a consequence, the district court held that a claim must comply with Rule 3002(c) in order to be "allowed" under section 502. Because the IRS failed to comply with Rule 3002(c), the district court reasoned the IRS's claim was not an "allowed" claim and thus did not qualify for priority status under section 507(a)(7), which only provides priority status to "allowed" unsecured claims.

■ Title 28 U.S.C. § 2075, which implements the Bankruptcy Rules, provides that "[s]uch rules shall not abridge, enlarge or modify any substantive right." As a result, any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code. *Cisneros v. United States (In re Cisneros),* 994 F.2d 1462, 1465 (9th Cir.1993). Thus, if the IRS's claim is "al-lowed" according to the Code, Rule 3002(c) cannot "disallow" it.

■ We conclude that the plain language of sections 501 and 502 demonstrates that the Code "allows" this claim regardless of when proof of the claim is filed. Section 502's use of conclusory language in stating a claim "is deemed allowed" if filed in accordance with section 501 requires us to conclude that a claim is allowed as long as the requirements of section 501 are met. Section 501 only provides that a claim "may be filed" and imposes no time limit or other qualification on the filing of a claim. We disagree with the district court's conclusion that section 501 incorporates Rule 3002(c). While Rule 3002(c) mandates a claim be filed within 90 days, section 501 imposes no such requirement. Thus, to construe section 501 as incorporating Rule 3002(c) would create a result at odds with the plain language of the Code.

An examination of section 502(b) further supports our conclusion that this claim should be allowed under the Code regardless of when it is filed. That section enumerates categories of claims which are disallowed. None of the categories refer to tardy claims. Section 502(b)'s omission of tardy claims from its recitation of disallowed claims suggests that Congress did not intend for the time in which claims are filed to affect its status as "allowed" or "disallowed." *Cf. In re Gerwer,* 898 F.2d 730, 732 (9th Cir.1990) ("The express enumeration indicates that other exceptions should not be implied.").

A review of the former Bankruptcy Act confirms our judgment that this claim is "al-lowed" under the Code regardless of when proof of a claim was filed. Section 57(n), 11 U.S.C. § 93(n), provided:

> ... all claims provable under this Act, *including all claims of the United States* ... shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors, shall not be allowed....

(Emphasis added.) Under section 57(n), a bankruptcy court had no discretion to allow

untimely claims such as this to be filed. *In re Pigott,* 684 F.2d 239, 242 (3d Cir.1982). The Bankruptcy Reform Act of 1978 repealed section 57(n). *Vertientes, Ltd. v. Internor Trade, Inc. (In re Vertientes),* 845 F.2d 57, 59 (3d Cir.1988). The deliberate omission of the provision disallowing untimely claims, combined with section 501's silence on the effect of an untimely filing of a claim, confirms Congress intended untimely claims such as this to be allowed under the Code. *See Stewart v. Ragland,* 934 F.2d 1033, 1037 n. 6 (9th Cir.1991) (*Stewart*).

■ Rule 3002(c)'s time limits simply demark whether a claim is timely or late for purposes of distribution under section 726. *In re Corporation de Servicios Medico–Hospitalarios de Fajardo, Inc.,* 149 B.R. 746, 750 (Bankr.D.P.R.1993); *In re Rago,* 149 B.R. 882, 885 (Bankr.N.D.Ill.1992); *In re Hausladen,* 146 B.R. 557, 560 (Bankr.D.Minn.1992). Rule 3002(c) does not disallow a late claim. It simply divides claims into two categories: timely and late.

### III

■ We now turn to the question of the effect of a failure to comply with Rule 3002(c)'s time limitations on a priority claim's order of distribution under section 726(a). The IRS's claim for federal taxes would ordinarily be entitled to first distribution under section 726(a)(1). The IRS contends its claim retains the right to first distribution even though proof of the claim was filed after the bar date.

Section 726(a) establishes the order of distribution for claims entitled to priority status under section 507:

Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

(A) timely filed under section 501(a) of this title;

(B) timely filed under section 501(b) or 501(c) of this title; or

(C) tardily filed under section 501(a) of this title, if—

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim;

(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection;

Thus, sections 726(a)(1), 726(a)(2), and 726(a)(3) treat late-filed claims differently. Section 726(a)(1) makes no distinction between late and timely claims. Section 726(a)(2) provides second distribution to tardy claims only if the creditor did not have notice or actual knowledge of the case. Section 726(a)(3) affords third distribution to late claims in which the creditor did know about the case. The contrast in the three subsections' treatment of late and timely claims indicates Congress intended priority claims to receive first distribution regardless of whether proof of the claim was filed timely or late. Congress's explicit distinction between late and timely claims in sections 726(a)(2) and 726(a)(3) indicates Congress knew how to distinguish late and timely claims when it wished. Therefore, Congress's failure to draw a similar distinction between late and timely priority claims in section 726(a)(1) demonstrates that timeliness of a priority claim does not affect its entitlement to first distribution. *See Bell v. Internal Revenue Service,* 928 F.2d 901, 903 (9th Cir.1991) ("Congress is presumed to act intentionally and purposely when it includes language in one section but omits it in another."); *cf. Stewart,* 934 F.2d at 1041 ("When certain statutory provisions contain a requirement and others do not, we should assume that the legislature intended both the inclusion and the exclusion of the requirement.").

The Second Circuit has recently come to the same conclusion that we reach. *In re*

*Vecchio,* 20 F.3d 555 (2d Cir.1994). The Sixth Circuit earlier took a similar view in *United States v. Cardinal Mine Supply,* 916 F.2d 1087, 1091 (6th Cir.1990). The Sixth Circuit subsequently limited this position and held that only priority creditors who file a proof of claim prior to the distribution from and closure of the estate may receive priority treatment. *In re Century Boat Co.,* 986 F.2d 154, 158 (6th Cir.1993). The Second Circuit, on the other hand, recognized that its reasoning permitted priority treatment even for creditors who filed their claims after distribution; it suggested that the district court could ameliorate this result in appropriate cases by exercise of its discretion over the entry of disgorgement orders, or over equitable subordination. *Vecchio,* 20 F.3d at 560. The issue is not before us, however, and we do not decide with which Circuit's view we agree.

Finally, the trustee incorrectly argues that our decision in *Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.),* 920 F.2d 1428, 1430 (9th Cir.1990), compels a different result. There, we addressed the necessity of the timely filing of a proof of a claim on the right to distribution under section 726(a)(2) and 726(a)(3). Zidell knew of the bankruptcy proceeding but failed to file a timely proof of claim. We upheld the district court's refusal to distribute his claim under section 726(a)(2) because this section expressly excluded late-filed claims when the creditor knew of the bankruptcy proceeding. *Id.* at 1433. We did not address distribution of priority claims under section 726(a)(1) or the possibility of a conflict between the Code and Rule 3002(c).

REVERSED.