In re Ramon F. BELTRAN, Debtor.

Ramon F. BELTRAN, and Albert M. Rau, Chapter 13 Trustee, Appellants,

v.

CALMAT CO. OF ARIZONA, Appellee.

BAP No. AZ–93–1533–MeRJ.

Bankruptcy No. 92–01385–PHX–RGM.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 28, 1994.

Decided Feb. 1, 1995.

---

Arla H. Blasingim–Stenzel, Glendale, AZ, for appellants.

Mark F. Reardon, Phoenix, AZ, for appellee.

Before MEYERS, RUSSELL and JONES, Bankruptcy Judges.

### OPINION

MEYERS, Bankruptcy Judge:

### I

### FACTS

The debtor, Ramon F. Beltran ("Beltran"), filed for bankruptcy under Chapter 13 of the Bankruptcy Code ("Code") [1] on February 4,

---

alter the language of § 523(a)(5).

1. Unless otherwise indicated, all references to "Section" are to the Code, 11 U.S.C. §§ 101 et seq., and all references to "Rule" are to the Federal Rules of Bankruptcy Procedure.

1992. The deadline for filing proofs of claim was June 18, 1992. The Chapter 13 plan was confirmed on November 3, 1992. Calmat Co. of Arizona ("CalMat") filed its proof of claim for $61,754.53 on December 9, 1992.

The Chapter 13 trustee, Albert M. Rau ("Trustee"), objected to CalMat's claim, and Beltran joined in the objection. The bankruptcy court ruled that the claim could not be disallowed simply because it was tardily filed, and allowed the claim as it was provided for in the plan. Beltran and the Trustee appeal.

## II

## STANDARD OF REVIEW

We review the bankruptcy court's interpretation of the Code *de novo*. *See In re Acequia, Inc.*, 787 F.2d 1352, 1357 (9th Cir. 1986).

## III

## DISCUSSION

The Ninth Circuit's recent opinion in *In re Pacific Atlantic Trading Co.*, 33 F.3d 1064 (9th Cir.1994), controls the decision in this case. In *Pacific Atlantic*, the IRS filed a late claim in a Chapter 7 case. The bankruptcy court denied the claim in its entirety. On appeal, the district court ruled that Section 501 incorporates the time limits of Rule 3002(c) and therefore, the IRS' claim was untimely and would not be allowed. However, the district court ruled that the claim should be given third priority status under Section 726(a)(3).

The Ninth Circuit reversed the district court's decision, and held that Sections 501 and 502 dictated whether or not a claim is "allowed." According to the Ninth Circuit, those sections may allow a claim regardless of when it is filed. *Id.* at 1066. Section 502 states simply that a claim is deemed allowed if filed in accordance with Section 501. "Section 501 only provides that a claim 'may be filed' and imposes no time limit or other qualification on the filing of a claim." *Id.* at 1066. Finally, since Section 501 contains no time requirement for the filing of a claim, the incorporation of the time limits from Rule 3002(c) would create an impermissible con-

flict with the plain language of the Code. *Id.* Rule 3002 simply determines whether a claim is timely or late. *Id.* at 1067.

The Ninth Circuit found that the language of Section 502(b) supported its conclusion. That Section enumerates eight specific grounds for disallowing a claim, none of which refer to timeliness. This suggests that Congress did not intend for timeliness to affect whether or not a claim is allowed. *Id.* at 1066. Furthermore, Section 57(n) of the Bankruptcy Act specifically provided that late filed claims would not be allowed. This provision was repealed by the Code. *Id.* at 1067. According to the Ninth Circuit, the omission of this provision from the Code, combined with Section 501's silence on the effect of an untimely filed claim, confirms that Congress intended to allow untimely claims. *Id.*

The Trustee contends that *Pacific Atlantic* does not apply in this case because *Pacific Atlantic* was a Chapter 7 case and it dealt with a governmental claim for priority taxes. While the distinctions asserted by the trustee are accurate, we find that these distinctions do not affect the applicability of the time limits for the filing of a proof of claim in a Chapter 13 case.

The essence of *Pacific Atlantic* is two-fold. First, the grounds for the disallowance of a claim are prescribed by Section 502(b). Since timeliness is not included, it cannot be the basis for disallowing a claim. Second, Rule 3002 cannot provide a separate basis for disallowance. This reasoning is very straightforward.

Sections 501 and 502 and Rule 3002(c) are applicable in Chapter 13 cases. None of the Trustee's arguments can justify an interpretation by the Panel of those provisions which differ from the interpretation of the Ninth Circuit. Also, in *Pacific Atlantic*, the Ninth Circuit cited with approval the Chapter 13 case of *In re Hausladen*, 146 B.R. 557, 560 (Bankr.D.Minn.1992). *Hausladen* applied the same interpretation of Section 501 and Rule 3002(c) subsequently used by the Ninth Circuit in *Pacific Atlantic*.

The Trustee also has cited *In re Tomlan*, 102 B.R. 790 (E.D.Wash.1989), *aff'd* 907 F.2d

114 (9th Cir.1990), in support of his argument. In *Tomlan,* the bankruptcy court first ruled that a tax claim was not "allowed" because it was not timely filed and further ruled that the debtor's Chapter 13 plan had failed to "provide for" full payment of the claim. The issue of the Chapter 13 plan's alleged failure to provide for full payment of the claim was the only issue appealed in that case. Therefore, the district court was not required to and did not rule on whether the claim was merely "untimely" as opposed to not "allowed." Accordingly, it did not delve into Rule 3002(c) and Sections 501 and 502.[2]

Finally, we take note of Congress's recent enactment of the Bankruptcy Reform Act of 1994 ("Reform Act").[3] Newly created Section 502(b)(9) specifically provides that a claim may be disallowed if proof of such claim is not timely filed. By this amendment, Congress intended to overrule *Hausladen* and its progeny. *See* 140 Cong.Rec. H10768 (daily ed. Oct. 4, 1994). The amendment, however, only applies to cases filed after October 22, 1994, the effective date of the Reform Act.[4] Since this case was filed prior to that date, the Ninth Circuit's decision in *Pacific Atlantic* is binding on the Panel.

### IV

### CONCLUSION

Under *Pacific Atlantic,* timeliness cannot be a ground for the disallowance of a claim in a case filed prior to the enactment of the Bankruptcy Reform Act of 1994.

**AFFIRMED.**

---

2. The bankruptcy court in *In re Osborne,* 159 B.R. 570 (Bankr.C.D.Cal.1993), *aff'd without opinion,* 167 B.R. 698 (9th Cir. BAP 1994), ruled that *Tomlan* provided support for using timeliness to disallow a claim. *Pacific Atlantic* effectively overrules that decision.

3. Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106 (codified as amended in scattered sections of 11 U.S.C.).

4. *See* Section 702 of the Reform Act.