81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Ramon F. BELTRAN, Debtor.
Ramon F. BELTRAN; Albert M. Rau, Trustee, of Chapter 13
Bankruptcies, Appellants,
v.
CALMAT COMPANY OF ARIZONA, Appellee.
 Nos. 95-15504.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1996.*
Decided March 27, 1996.
 
 Before: THOMPSON, KLEINFELD and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mr. Beltran filed for Chapter 13 bankruptcy in 1992. Because this was before the effective date of the 1994 amendment to 11 U.S.C. § 502(b), untimeliness was not an express statutory ground for disallowance of Calmat's tardily filed claim for $65,818. See Pub.L. No. 103-394, § 213(a) (October 22, 1994). The bankruptcy court allowed the claim but reduced it, and the bankruptcy appellate panel affirmed under the authority of In re Pacific Atlantic Trading Co., 33 F.3d 1064 (9th Cir.1994).
 
 
 3
 After the bankruptcy appellate panel decision, we held in In re Osborne, 76 F.3d 306 (9th Cir.1996), that tardily filed claims in Chapter 13 proceedings are to be disallowed, not merely given a lower priority. We distinguished In re Pacific Atlantic Trading Co., 33 F.3d 1064 (9th Cir.1994) on the ground that it was a Chapter 7 case. Osborne, 76 F.3d at 309-10.
 
 
 4
 This case is indistinguishable from Osborne. It was filed before the 1994 amendment, the creditor's claim was tardily filed, and it is a Chapter 13 case. Accordingly, we are bound by Osborne. The tardily filed creditor's claim in this case must, on remand, be disallowed, except as other provisions of law may allow.
 
 
 5
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3