**In re Alan H. LANG, SSN 335–48–4227, Debtor.**

**Bankruptcy No. 95–0716.**

United States Bankruptcy Court, D. Arizona.

May 22, 1996.

Bruce Bridegroom, Tucson, AZ, for Debtor.

Alison North, Pima County Attorney's Office, Tucson, AZ, for Pima County.

Guy Fimbres, Hollingsworth & Gallego, P.C., Tucson, AZ, for Beatrice Moreno.

### MEMORANDUM DECISION

JAMES M. MARLAR, Bankruptcy Judge.

Pending before this court are the motions for allowance of late filed claims filed by Pima County and Beatrice Moreno, respectively. The court has now considered the entire file and the arguments of counsel and now rules on each claim separately.

### I. *MORENO CLAIM.*

This case was filed on April 3, 1995, under Chapter 13 of the Bankruptcy Code. The first meeting of creditors, pursuant to § 341 of the Bankruptcy Code, was held on May 17, 1995. Pursuant to the notice of such hearing, the deadline for filing proofs of claims was August 15, 1995 (the "Claims Bar

Date"). Counsel for Ms. Moreno readily admits having received notice of the Claims Bar Date. On October 30, 1995, a status conference was conducted. At that hearing the court noted that it did not have proofs of claims in its file for either Ms. Moreno or Pima County. Upon further review, counsel for Ms. Moreno determined that the proof of claim had not been filed before the Claims Bar Date due to oversight. The Moreno proof of claim was ultimately filed on November 29, 1995.

In light of these facts, the primary issue before the court is whether a tardy claim can be allowed and the claimant participate in the distribution under the chapter 13 plan of reorganization. Historically, this issue was governed by Fed.R.Bankr.P. 3002(c) which provides:

> **(c) Time for Filing.** In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim *shall* be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:
>
> (1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing a claim by the United States, a state, or subdivision thereof.
>
> (2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.
>
> (3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment

imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

> (4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.
>
> (5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.
>
> (6) In a chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the court may grant an extension of time for the filing of claims against the surplus not filed within the time hereinabove prescribed. (emphasis added).

Because the provision appears only in the Rules and previously was not mirrored in the Bankruptcy Code, a number of courts took the position that the requirement of timeliness did not have the force of law. *See, e.g., In re Hausladen,* 146 B.R. 557 (Bkrtcy. D.Minn.1992); *In re Beltran,* 177 B.R. 905 (9th Cir. BAP 1995); *In re Pacific Atlantic Trading Co.,* 33 F.3d 1064 (9th Cir.1994) (chapter 7). However, on February 12, 1996, the Ninth Circuit ruled that "[a]lthough Bankruptcy Rule 3002 is merely a procedural rule, it has the force of law unless it is in direct violation of a specific statutory provision." *In re Osborne,* 76 F.3d 306 (9th Cir. 1996). The court also concluded that the rationale of *In re Pacific Atlantic Trading Co.,* was limited to chapter 7 cases. *In re Osborne, supra* at 307.[1]

In 1994, the debate was purportedly resolved by the addition of a timeliness provi-

---

1. *In re Beltran, supra* involved a late filed claim in a chapter 13 proceeding. In determining whether tardiness is a basis for disallowing a claim, the BAP deferred to the reasoning of the Ninth Circuit in *In re Pacific Atlantic Trading,* *supra,* which concluded that Rule 3002(c) did not have the force of law. However, given that in *In re Osborne, supra,* the Ninth Circuit specifically limited the holding of *In re Pacific Atlantic Trading* to chapter 7 cases and provided the rule for

sion to Bankruptcy Code § 502 which governs the allowance of claims or interests. If an objection to a claim is made, the court, after notice and hearing, shall allow the claim:

> ... except to the extent that—
>
> \*      \*      \*      \*      \*      \*
>
> (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) or section 726(a) of this title or under the Federal Rules of Bankruptcy Procedures....

11 U.S.C. § 502(b). Summarized, § 726 sets forth the priority for distributions in a liquidation and allows distribution to certain late-filed claims, but only after the timely filed claims have been paid.

■ As is frequently the case, the change to § 502 law solved one problem, but created a new issue, which is at the heart of the present case, *viz.* do the exceptions contained in § 726(a)(1)–(3) apply to claims filed in Chapter 13 reorganization cases? Under normal circumstances the answer would be a simple no. Indeed, Chapter 7 typically applies only to liquidation cases filed under that chapter and reorganizations are governed by Chapter 13. *See* 11 U.S.C. § 103. However, Chapter 5 applies to all types of cases. Thus, the issue is whether § 726(a)(1)–(3) applies to all chapters because it is referenced in § 502(b) or whether the exception contained in § 502(b) is limited to claims which independently fall within the explicit provisions of § 726(a).

■ Unfortunately, this issue has not been specifically addressed by any court since the enactment of the Bankruptcy Reform Act of 1994. However, if new § 502 is harmonized with Fed.R.Bankr.P. 3002(c)(6), the answer is revealed. Rule 3002(c)(6) includes a procedure whereby claims may be filed late and still participate in a distribution *if* a surplus remains after the allowed (timely) claims have been paid in full. The underlying rationale for this is that there is no reason to penalize a claimant for tardiness, provided

that the claim is made in time to share in the distribution and its payment does not prejudice the timely filed claims. Because § 726, referenced in § 502, specifically authorizes this distribution scheme, it is clear that both § 726 and Rule 3002(C)(6) are two halves of one whole.

■ However, such a distribution scheme has no place in a Chapter 13 reorganization setting. Indeed, the Ninth Circuit recently stated:

> The goal of the distribution scheme in Chapter 7 liquidations ... is to ensure that all parties have an opportunity to collect from the estate's limited assets.... In stark contrast, a Chapter 13 debtor retains the assets of the estate in exchange for an agreement to make periodic payments to the creditors ... Accordingly, if late-filed claims are not barred in Chapter 13 actions, it would not be possible to determine with finality whether a Chapter 13 plan satisfies [the standard of § 1325(a)(4)].

*In re Osborne, supra* at 307.[2] Given this, it would make little sense for § 502 to expand the application of § 726 to claims filed in a Chapter 13 case. This court must conclude that the exceptions for late-filed claims set forth in § 726, and referenced in § 502, are only applicable to claims filed in a Chapter 7 case. This is confirmed by Section 103(b) which provides:

> Subchapters I and II of chapter 7 of this title [which includes § 726] apply only in a case under such chapter (comment added).

11 U.S.C. § 103(b). This being the law, the Moreno claim must be disallowed because it was filed after the bar date and there is no applicable exception in the Bankruptcy Code or Rules.

Notwithstanding this, Moreno argues further that her claim should be allowed due to excusable neglect. In support of this argument, Moreno cites to *Pioneer Investment v. Brunswick,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) for the proposition that the absence of prejudice to the debtor or the interests of efficient judicial administration,

---

Chapter 13 cases, *In re Beltran* no longer controls.

**2.** While *In re Osborne, supra,* was decided in 1996, it dealt with a case that arose prior to the

Bankruptcy Reform Act of 1994. Thus, the court did not interpret the new law. Nevertheless, its rationale is relevant under both the old and new laws.

combined with the good faith of the creditor and her attorneys, should weigh strongly in favor of permitting her tardy claims. However, this Supreme Court authority is distinguishable because the *Pioneer* case involved a Chapter 11 debtor.

■ The excusable neglect argument finds its genesis in Fed.R.Bankr.P. 9006(b)(1), which authorizes the court to enlarge a time for taking action in a variety of circumstances, including excusable neglect. However, Rule 9006(b)(2) and (3) specify circumstances where enlargement, even in the event of excusable neglect, is not permitted or is limited. Specifically, enlargement is limited with respect to deadlines imposed by Rule 3002, which governs the filing of claims in Chapters 7, 12, and 13. No limitation is imposed with respect to Rule 3003, which governs the filing of claims in Chapters 9 and 11. Thus, Rule 3002(c), quoted in full above, governs the filing of claims in this case and excusable neglect is not an available ground for enlargement. *In re Thomas*, 181 B.R. 674 (Bkrtcy.S.D.Ga.1995); *In re Babbin*, 156 B.R. 838, 853 (Bkrtcy.D.Colo.1993).[3] Accordingly, the Moreno claim must be disallowed as being untimely filed.

## II. *PIMA COUNTY CLAIM.*

The debtor has also objected to Pima County's claim for subrogation of claims against the debtor. Although Pima County has not specifically filed a claim, on February 21, 1996, it did file a motion for allowance of late claim. Pima County asserts that it timely filed its secured claim and, as the deadline approached, it considered the question of its role in the employment claims against the debtor. Pima County ultimately concluded that a claim was not appropriate because all of the damages sought by the plaintiffs were already the subject of timely claims (except Moreno's) and the County's only possible claim against the debtor would be uncollectible in light of his circumstances. After the passing of the deadline, however, Pima County determined that it was appropriate to file a claim and, thus, seeks this court's allowance of such claim.

■ The rules applicable to governmental claims are much different than those applicable to private parties. Although § 502(b)(9) imposes a rather stringent bar of tardy claims, it does provide an exception for certain late governmental claims:

> ... a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time *as the Federal Rules of Bankruptcy Procedures may provide* (emphasis added).

11 U.S.C. § 502(b)(9). Just such an exception is found in Fed.R.Bankr.P. 3002(c)(1), which provides:

> On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing a claim by the United States, a state, or subdivision thereof.

Pima County is clearly a subdivision of the state of Arizona and, therefore, this provision provides an exception to the claims bar date if two requirements are met: (1) a motion is made before the expiration of the time for filing the claim; and (2) cause is shown. This is fatal to Pima County's request, because its request for an extension was made in February, whereas the bar date for governmental claims[4] expired in October. *See In re Jones*, 57 B.R. 60 (Bkrtcy.S.C.1985).[5]

■ The County then goes on to argue that Fed.R.Bankr.P. 9005 provides an excep-

---

**3.** This court agrees with the reasoning of the court in *In re Babbin*, with respect to the unavailability of an excusable neglect as a basis for allowing a tardily filed claim in chapter 13 cases. This court respectfully disagrees, however, with the *Babbin* court's rationale with respect to the relationship between §§ 502 and 726 and Rule 3002. Even so, that decision involved a pre–1994 case and a different set of laws and is, therefore, inapplicable to the dispute before this court.

**4.** While the general Claims Bar Date was August 15, 1995, the bar date for governmental claims

was October 2, 1995, due to the operation of § 502(b)(9).

**5.** Perplexingly, Pima County argues that this limitation, imposed by the Bankruptcy Reform Act of 1994, is contrary to the spirit of *Pioneer Investment v. Brunswick*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). That may well be the case. However, Congress was the last to speak on the issue and this court is charged with the responsibility of applying the law, not writing it.

tion for its late claim. Specifically, Rule 9005 provides:

> Rule 61 F.R.Civ.P. applies in cases under the Code. When appropriate, the court may order the correction of any error or defect or the cure of any omission *which does not affect substantial rights* (emphasis added)

Fed.R.Bankr.P. 9005. The flaw in this argument is that the allowance or disallowance is not a procedural matter which is independent of the parties' substantial rights. Indeed, the allowance or disallowance of Pima County's claim will have a significant impact on the rights of both the County and the debtor. If its claim is allowed, Pima County will have a right to participate in any distribution under the debtor's plan of reorganization. If the claim is not allowed, it will not participate. Thus, this court cannot conclude that the tardiness of the claim is harmless error and therefore it must deny Pima County's request. A separate order consistent with this decision will be simultaneously entered.