In re Bernard **TOPLITZKY,** Debtor.

Bernard **TOPLITZKY,** Appellant,

v.

John P. **HOOTEN,** Trustee of the Hooten Family Trust, Appellee.

BAP No. CC–97–1920–JBS.
Bankruptcy No. RS97–11859 MG.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 17, 1998.

Decided Nov. 13, 1998.

Linda J. Littlefield, Palm Desert, CA, for appellant.

William J. Simon, Riverside, CA, for appellee.

1. Hon. Paul B. Snyder, Bankruptcy Judge for the Western District of Washington, sitting by designation.

2. Unless otherwise indicated, references to "chapter," "section/ § ," or "code" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. References to "Fed.R.Bankr.P." are to the Federal Rules of Bankruptcy Procedure, rules 1001–9036, which make applicable certain Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

Before: JONES, BRANDT, AND SNYDER [1], Bankruptcy Judges.

### OPINION

JONES, Bankruptcy Judge.

Debtor Bernard Toplitzky appeals from the bankruptcy court's order denying his motion to avoid a creditor's lien pursuant to 11 U.S.C. § 522(f).[2] The bankruptcy court denied the motion on the condition that the creditor pay the Debtor the amount of Debtor's claimed exemption. The bankruptcy court reasoned the lien could remain because the Debtor's exemption was not impaired once the Debtor had received the full value of his exemption. We **REVERSE** and **REMAND**.

### I. FACTS

The relevant facts are undisputed. On February 26, 1996, John P. Hooten, as trustee of the Hooten family trust (creditor), obtained a pre-petition state court judgment against the Debtor in the amount of $133,-345.00. The creditor then recorded a lien against the Debtor's residence. On January 30, 1997, the Debtor filed for Chapter 7 protection.

On his schedules the Debtor listed his residential property as having a fair market value of $206,000.00, subject to a first mortgage in the amount of $205,943.00. The property was also encumbered by two judicial liens. The senior judicial lien was in the name of Henry Boglino for $112,260. The creditor in this appeal held the junior judicial lien.

Although the record is not precise as to timing, it appears that on or about June 26, 1997, the bankruptcy court avoided the senior judicial lien pursuant to § 522(f). It is unclear whether the senior judicial lien holder filed any opposition to the Debtor's motion to avoid lien. Subsequently, the bankruptcy

court heard arguments on the Debtor's motion to avoid the creditor's lien.

The Debtor argued that the lien impaired the equity exemption he claimed under California Code of Civil Procedure ("CCP") § 703.140(b)(1), which allows an exemption of up to $15,000.00 in value of a debtor's interest in real property used as a residence. The creditor objected to the motion, offering to pay the Debtor his claimed equity in the residence. The creditor noted that the Debtor's schedules reflected only $57 in equity in his residence. The creditor reasoned that by paying the Debtor the amount of his claimed exemption the Debtor's exemption is not impaired in any way as he is receiving the full value of his exemption.

The bankruptcy court accepted the creditor's argument and ruled that the exemption would not be impaired and the lien could not be avoided if the Debtor was paid the exemption he claimed in the property. The court held that, because the Debtor chose to exempt his property under CCP § 703.140 which allows an exemption of up to $15,000 "in value," and because the Debtor had claimed that his exemption was only worth $57, he could not avoid the creditor's lien if the creditor paid the Debtor the value of his exemption.

The creditor proffered a check for $57.00 and the court allowed the lien to remain intact. The Debtor appeals from that decision.

## II. ISSUE

Whether the Bankruptcy Court erred in denying the Debtor's Motion to Avoid Lien.

## III. STANDARD OF REVIEW

The bankruptcy court's application of California exemption law is a question of statutory construction which we review de novo. *Spenler v. Siegel (In re Spenler)*, 212 B.R. 625, 628 (9th Cir. BAP 1997); *In re Morgan*, 149 B.R. 147, 150 (9th Cir. BAP 1993). Likewise, we review construction of the Bank-

ruptcy Code de novo. *In re Beltran*, 177 B.R. 905 (9th Cir. BAP 1995).

## IV. DISCUSSION

In 1984, the California Legislature opted out of the federal bankruptcy exemption statutes. CCP §§ 703.130–140 (West 1987).[3] Consequently, substantive issues regarding extent to which a debtor is entitled to an exemption are governed by California law. *In re Canino*, 185 B.R. 584, 590 (9th Cir. BAP 1995). However, once it is determined that a debtor is entitled to a certain exemption, questions concerning impairment and lien avoidance under § 522(f) are controlled by federal law. *In re Herman*, 120 B.R. 127, 129 (9th Cir. BAP 1990).

In the present case there is no dispute that the Debtor is entitled to claim an exemption under CCP § 703.140(b)(1). CCP § 703.140(b)(1) provides that a debtor may exempt "[t]he debtor's aggregate interest, not to exceed fifteen thousand dollars ($15,-000) in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence ..."[4] The Debtor listed his residence on his schedules as having a fair market value of $206,000 subject to a first deed trust in the amount of $205,943. Consequently, the Debtor listed his exemption pursuant to CCP § 703.140(b)(1) at $57, the difference between the fair market value and the first deed of trust.

Debtor then filed a motion to avoid the creditor's lien as impairing his exemption. The creditor objected. The creditor in the present case reads the language $15,000 "in value" to have a meaning distinct from the homestead exemption which the creditor claims protects the property itself. As support for this proposition the creditor noted that a debtor who has claimed a homestead exemption pursuant to CCP § 704.730 cannot be forced to sell his residence unless the purchase price is sufficient to pay all liens and give the debtor the full amount of his

---

3. Section 703.130 provides:
 Pursuant to the authority of paragraph (1) of subsection (b) of Section 522 of Title 11 of the United States Code, the exemptions set forth in subsection (d) of Section 522 of Title 11 of the

United States Code (Bankruptcy) are not authorized in this state.

4. This section is a verbatim copy of § 522(d)(1).

homestead exemption. However, if a debtor chooses to utilize CCP § 703.140, as the present debtor did, the home may be sold and the debtor is only entitled to recover the dollar amount of his exemption after the sale is concluded. This distinction, argues the creditor, demonstrates that the California statutes have two distinct purposes. CCP § 703.140 is designed to merely protect the "value" of the debtor's exemption, whereas the homestead exemption of CCP § 704.730 is designed to protect the property itself. We are unpersuaded.

 The flaw in the creditor's argument lies in the fact that lien avoidance under § 522(f) does not rely on such technical distinctions. Section 522(f) does not refer to real property or "value." Rather § 522(f) speaks to the Debtor's "interest" in property. That interest is not limited to physical or monetary interests. Consequently, under § 522(f) the question is simply whether a lien impairs an exemption to which the Debtor is entitled.

Section 522(f)(2)(A) provides a formula for determining whether a lien impairs an exemption to which the Debtor is entitled. That section provides:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A) (1994).

Applying the above formula we find that the creditor's lien impairs the Debtor's exemption. First we take the sum of the lien ($133,345) and all other liens on the property ($205,943) and the amount the Debtor could claim as exempt if there were no liens on the property ($15,000) and arrive at the figure of $339,303.[5] We then look to see if that figure

"exceeds the value that the debtor's interest in the property would have in the absence of any liens," in other words, the fair market value of the property. The fair market value of the property is listed at $206,000 on the Debtor's schedules. Thus, because $339,303 exceeds $206,000, the creditor's lien should have been avoided.

Notwithstanding the seemingly clear statutory language contained in § 522(f)(2)(A), the creditor in the present case argues that this section should not affect the bankruptcy court's decision. The creditor first argues that the exemption that the Debtor claimed on the date of the petition has been satisfied by the payment of the $57. Notably, the creditor provides no authority for the proposition that a creditor may simply pay a debtor the amount of a claimed exemption in order to retain a lien. This Panel has not found a single reported case where a bankruptcy court has allowed a creditor to pay a debtor his claimed exemption amount and thereby retain a lien. This absence of case law would suggest that this approach is not permissible under the Bankruptcy Code.

Furthermore, when Congress passed § 522(f), it provided a commentary, giving a set of hypothetical examples for the purpose of guiding courts in applying § 522(f). A few of those examples are instructive in the case at bar. The first example arises in the situation where "the debtor has no equity in the property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example, of a debtor with a home worth $40,000 and a $40,000 mortgage." H.R.Rep. No. 103–834, 41–42 (1994), *reprinted in,* Norton Bankruptcy Code Pamphlet 1997–1998 Edition, 496–97, (hereinafter the "House Report"). This is very near the present case where the Debtor has equity in the house of only $57. The report states that "[t]he formula in the section would make it clear that the liens are avoidable." House Report at 497. *See also In re Higgins,* 201 B.R. 965, 967 (9th Cir. BAP 1996) (citing the above example and noting that a judicial lien

---

**5.** All dollar values have been rounded and the figures reflect the amount of the liens as of the date of filing.

can be avoided even if the debtors lack any equity in the property).

A second example given by Congress notes that "where the debtor has a $10,000 homestead exemption, a $50,000 house and a $40,000 first mortgage, most commentators and courts would have said that a judicial lien of $20,000 could be avoided in its entirety." House Report at 497. Congress then notes that the Ninth Circuit, in *In re Chabot,* 992 F.2d 891 (9th Cir.1993), did not follow the majority and held that the judicial lien could only be avoided up to $10,000.· Congress then rejects the Ninth Circuit's position and notes that "[t]he formula in the section would not permit this result." House Report at 497.

 From the foregoing it is clear that Congress did not intend to allow a judgment creditor to pay a debtor the amount of his claimed exemption and thereby allow the lien to remain. In the first example the debtor had absolutely no equity in the property, but Congress indicated the judicial lien must be avoided in its entirety. In the second example, the debtor had equity exactly equal to his allowed exemption. Again Congress indicated that the judicial lien must be avoided in its entirety.

Given the clear statutory language of § 522(f)(2)(A), as well as the hypothetical examples provided by Congress to aid in the application of this section, it was error for the bankruptcy court to allow the judgment creditor to retain his lien on the Debtor's property simply by paying the Debtor the amount of his claimed exemption.

For the foregoing reasons we **REVERSE** the decision of the bankruptcy court and **REMAND** to the bankruptcy court for further proceedings consistent with this opinion.

## V. CONCLUSION

The bankruptcy court erred in denying the Debtor's motion to avoid the creditor's lien under § 522(f). The judgment creditor's lien did impair the Debtor's exemption claimed under CCP § 703.140, using the fair market value as claimed by the Debtor on his original schedules. We note that there is no evidence on the record establishing the fair

market value of the Debtor's residence as of the time the Debtor filed his petition. Whether Hooten may, on remand, object to the Debtor's valuation of the home, we need not now decide. *In re Hyman,* 123 B.R. 342, 348–49 (9th Cir. BAP 1991), *aff'd,* 967 F.2d 1316 (9th Cir.1992); *In re Bronner,* 135 B.R. 645 (9th Cir. BAP 1992). **REVERSED** and **REMANDED** to the bankruptcy court for further proceedings consistent with this decision.