In re **GENERAL CARRIERS CORPORATION,** Debtor.

**Brad D. Krasnoff, Chapter 7 Trustee, Appellant,**

v.

**Richard Marshack, Appellee.**

**BAP No. CC–99–1862–MaAP.**

**Bankruptcy No. SA 92–10118–LR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 15, 2000.

Decided Jan. 22, 2001.

184

Daniel J. McCarthy, Hill, Farrer & Burrill, LLP, Los Angeles, CA, for Brad D. Krasnoff, Ch. 7 Trustee.

William M. Burd, Burd & Naylor, Santa Ana, CA, for Richard Marshack.

Before: MARLAR, ALLEY,[1] and PERRIS, Bankruptcy Judges.

### OPINION

MARLAR, Bankruptcy Judge.

### INTRODUCTION

The chapter 7 trustee moved the bankruptcy court to abstain from hearing an action against the former trustee which had been recently filed in state court but had not been removed to bankruptcy court. The bankruptcy court determined that the claim was a core matter, and exercised its discretion to deny the motion. Finding that the bankruptcy court lacked jurisdiction, we now VACATE the order.

### FACTS

General Carriers Corporation (the "debtor") filed a voluntary chapter 7[2] petition on January 3, 1992. On November 20, 1995, the chapter 7 trustee, Richard Marshack ("Marshack") filed a Report of

---

1. Hon. Frank R. Alley III, Bankruptcy Judge for the District of Oregon, sitting by designation.

2. Chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and rule references are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P."), Rules 1001–9036, which make applicable certain Federal Rules of Civil Procedure ("Fed. R.Civ.P.").

Trustee in No Asset Case, and the case was closed on or about November 22, 1995.

On August 16, 1996, upon Marshack's motion, the case was reopened so that Marshack could file an adversary proceeding to pursue certain fraudulent transfer claims, amounting to $900,000. The defendants then filed a motion for summary judgment on the grounds that Marshack had abandoned the estate's claims against them when he filed the no-asset report. The court granted summary judgment in favor of the defendants, and dismissed the adversary proceeding.

On October 21, 1998, a creditor filed a motion, in bankruptcy court, for leave to sue Marshack for negligence and breach of fiduciary duty in connection with his prosecution of the fraudulent conveyance adversary proceeding. On November 2, 1998, Marshack withdrew as trustee, and Brad D. Krasnoff ("Krasnoff") was appointed as the replacement trustee. At a November 17, 1998 hearing on the motion, the bankruptcy court did not determine substantive issues, but denied the creditor leave to sue on the grounds that the new trustee should first investigate the matter.[3]

Krasnoff then decided that a lawsuit was warranted. Without seeking leave of the bankruptcy court to sue Marshack in another forum, on October 28, 1999, Krasnoff filed an action against Marshack in Orange County Superior Court.[4] The complaint alleged that Marshack was negligent and breached his fiduciary duties in the fulfillment of his trustee's duties, pursuant to § 704, with respect to the chapter 7 estate. The complaint further alleged that the trustee was not protected by judicial immunity because he had not obtained permission from the bankruptcy court to abandon the claims. Krasnoff sought $900,000 in damages from Marshack for the benefit of the estate and its creditors.

Neither party removed the action to bankruptcy court. Nevertheless, on November 11, 1999, Krasnoff filed a motion for abstention, in the bankruptcy court, which Marshack opposed.

At the hearing on the motion, the bankruptcy court addressed the merits and ruled that the action "was either one which is core or that is substantially ... intertwined with ... and related to this bankruptcy case." It stated that it would exercise its discretion by refusing to abstain. The bankruptcy court also noted that the pending state court action could be removed to the bankruptcy court. By its order entered on December 15, 1999, the bankruptcy court denied the abstention motion; Krasnoff timely appealed.

## ISSUES

1. Whether the panel lacks jurisdiction to review this order.

2. Whether the motion for abstention can be deemed a motion for leave to sue.

3. Whether the bankruptcy court exceeded its jurisdiction by ruling on the motion for abstention when there was no pending adversary proceeding in bankruptcy court.

## STANDARD OF REVIEW

 We determine our jurisdiction *de novo. In re Lake*, 202 B.R. 751, 755 (9th Cir. BAP 1996). Questions of the bank-

---

**3.** At that hearing, the bankruptcy court commented on judicial immunity, and stated that the court "was persuaded by the argument that this is a matter ... that revolves around the trustee's discretion granted to him under the Bankruptcy Code, that he exercised his discretion, that it is not an absolute duty." Transcript, November 17, 1998, at 8.2–6. Later, however, at the hearing on the motion that is before us, the bankruptcy court clarified its prior statement and said: "I did not

make rulings or findings expressly on [the issue of derived judicial immunity]." Transcript, December 7, 1999, at 13.14–15.

**4.** One of the reasons given for this filing was to prevent the expiration of the state statute of limitations. Krasnoff reasoned that the four-year statute of limitations began to run when Marshack abandoned the claims by filing a no-asset report on November 20, 1995.

ruptcy court's subject matter jurisdiction may be raised for the first time on appeal. *In re Harlow Properties, Inc.*, 56 B.R. 794, 796 (9th Cir. BAP 1985). Such questions are reviewed *de novo. In re Harris Pine Mills*, 44 F.3d 1431, 1434 (9th Cir.1995).

## DISCUSSION
### A. BAP Jurisdiction

#### (1) The Appeal Is Ripe for Review

In the order before us, the bankruptcy court refused to abstain from hearing an action that was not yet commenced or pending in bankruptcy court. We *sua sponte* determine whether we have jurisdiction over this appeal. *In re Dominguez*, 51 F.3d 1502, 1506 (9th Cir.1995).

The jurisdiction of federal courts is "defined and limited by Article III of the Constitution." *Flast v. Cohen*, 392 U.S. 83, 94, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). "To qualify for adjudication in federal court, 'an actual controversy must be extant at all stages of review....'" *In re Di Giorgio*, 134 F.3d 971, 974 (9th Cir. 1998) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (internal quotations omitted)).

The ripeness doctrine, which emanates from the Constitution's justiciability requirements for a "case" or "controversy," prevents premature appellate adjudication where the controversy presented is theoretical or abstract and does not have a concrete impact on the parties. *18 Unnamed "John Smith" Prisoners v. Meese*, 871 F.2d 881, 883 (9th Cir.1989).

The standard for determining if an issue is ripe for appeal is the fitness of issues for judicial decision and the hardship to the parties to be caused by withholding appellate consideration. *Pac. Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n*, 461 U.S. 190, 200–02, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983).

This appeal is fit for review because it raises the issue of the bankruptcy court's jurisdiction to enter its abstention order. There was no adversary proceeding in bankruptcy court from which to abstain. Nevertheless, the bankruptcy court reached the merits by ruling that the matter was a core proceeding, and it refused to allow the action to go forward in state court, where it was pending. Moreover, the parties to this appeal will be affected by the order because it is possible that the action can no longer be removed to bankruptcy court for two reasons: (1) Marshack asserted at oral argument that he was never served with the complaint; (2) the time for removal may have expired. *See* Fed.R.Bankr.P. 9027(a)(3). Therefore, this appeal is ripe for our review.

#### (2) The Order Denying Abstention Is a Final Order

Our appellate jurisdiction is governed by 28 U.S.C. § 158(a); it is over "final judgments, orders, and decrees," and, with leave of the panel, from most interlocutory orders and decrees. In bankruptcy proceedings, the rules of finality are given a flexible reading; a more liberal standard and a "pragmatic approach" are applied. *Dominguez*, 51 F.3d at 1506; *In re Bonner Mall P'ship*, 2 F.3d 899, 903 (9th Cir.1993). Thus, a bankruptcy court order is final and appealable where it "1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1363 (9th Cir.1992).

The order denying abstention theoretically did not end the litigation on the merits, and in that sense it was not a final order. *See Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). However, certain orders which do not end the litigation are reviewable immediately under the "collateral order" exception to the finality rule where they: (1) determine conclusively the disputed issue that is completely separable from the mer-

its of the action; (2) effectively would be unreviewable on appeal from a final judgment; and (3) are too important to be denied review. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (both opinions construing finality requirements for federal courts under 28 U.S.C. § 1291). Bankruptcy Appellate Panels sometimes apply the collateral order doctrine, and it is applicable here. *See In re Miner,* 222 B.R. 199, 203 (2nd Cir. BAP 1998); *In re Midgard Corp.,* 204 B.R. 764, 768–69 (10th Cir. BAP 1997); *In re Casco Bay Lines, Inc.,* 14 B.R. 846, 847–48 (1st Cir. BAP 1981).

Several bankruptcy opinions have held that an order denying abstention, which is rendered in a proceeding in bankruptcy court, is neither final nor subject to the collateral order exception because it will be reviewable when the action is thereby concluded on the merits. *See In re Denton,* 236 B.R. 418, 419 (10th Cir. BAP 1999); *In re Rupp & Bowman Co.,* 109 F.3d 237, 240 (5th Cir.1997); *In re Jackson Brook Inst., Inc.,* 227 B.R. 569, 581 (D.Me.1998).

The order here is distinguishable. There was no concurrent proceeding in bankruptcy court, but only the bankruptcy court's expectation (or speculation) that the proceeding would be removed. It is plausible, however, that there will be no further litigation of this action in bankruptcy court.

In *Quackenbush,* the Supreme Court determined that an order remanding a removed case was appealable as a final order on the merits because it "put the litigants 'effectively out of court.'" 517 U.S. at 713, 116 S.Ct. at 1719 (citation omitted). The litigants in this appeal are effectively out of court for an adjudication of the merits, due to the nonexistence of an action filed in bankruptcy court. Thus, the order in this case is analogous. The order seriously affected the parties' substantive rights,

and effectively ended the litigation on the issues addressed. *Frontier Properties,* 979 F.2d at 1363.

Finally, there is an important question of law involved concerning the bankruptcy court's jurisdiction to rule on the abstention motion. Therefore, the order before us meets the tests for finality under § 158(a) and, alternatively, for "finality" under the collateral order doctrine.

### B. The Motion for Abstention Should Not Be Deemed a Motion for Leave to Sue

Krasnoff contends, alternatively, that the abstention motion should be deemed a motion for leave to sue, and that the bankruptcy court abused its discretion by denying his motion. Marshack argues, however, that the motion should not be deemed a motion for leave to sue because pertinent factual and legal issues were not resolved, and even if so deemed, such motion was untimely.

Under what is known as the *Barton* doctrine, before a non-appointing court may entertain a suit against a bankruptcy trustee for acts done in the trustee's official capacity, leave must be obtained from the appointing court; otherwise the non-appointing court lacks subject matter jurisdiction. *See Barton v. Barbour,* 104 U.S. 126, 14 Otto 126, 26 L.Ed. 672 (1881); *In re Kashani,* 190 B.R. 875, 884 (9th Cir. BAP 1995). Furthermore, before leave to sue a trustee may be obtained, the claimant must be able to plead the elements of a *prima facie* case against the trustee. *Id.* at 885. The bankruptcy court must be able to evaluate the claims set forth in the complaint or proposed complaint. *Id.*

This case presents an interesting sequence of events. First, the creditor filed a motion for leave to sue Marshack. At that hearing, the bankruptcy court intimated that the trustee had committed the alleged negligence or breach of his duty of care while performing his official duties.

*See infra.* note 3. However, the bankruptcy court later clarified that its statement did not amount to a ruling or finding concerning judicial immunity. The outcome of that earlier motion was simply that the new trustee should take over the investigation and determine if the estate should pursue a claim against Marshack.

Then, apparently, Krasnoff, the new trustee, decided that the estate should pursue such a claim. He filed the complaint in state court without seeking leave to sue. Fourteen days later, Krasnoff filed the instant motion for abstention. He has never sought leave to sue. These tactics are questionable, and obviously were designed to prevent the bankruptcy court from deciding the merits of the controversy. Forum shopping is all too apparent here.[5]

Although Krasnoff's motion for abstention was procedurally improper and not ripe for the court's adjudication, the bankruptcy court and the interested parties were well aware of the history and purpose of the motion: Krasnoff had stepped in for the creditor on behalf of the estate, and sought to sue Marshack in state court.

■■■ Although the bankruptcy court might have construed the abstention motion as a motion for leave to sue[6], the record before us shows that it did not do so. The transcript of the hearing shows that the bankruptcy court did not consider several important issues necessary to dispose of a motion for leave to sue. A bankruptcy court should consider a number of issues including: whether the claims asserted pertain to actions taken by the trustee while administering the estate; whether the claims asserted involve acts taken by the trustee under a statute or orders of the bankruptcy court, which may

entitle the trustee to quasi-judicial or derived judicial immunity; whether the plaintiffs seek a judgment against the trustee personally; and whether the claims allege breach of the trustee's fiduciary duty, negligence or willful misconduct. *Kashani,* 190 B.R. at 886–87.

Even considering the unique facts in this case, and the liberal pleading requirements, the panel cannot *sua sponte* construe the abstention motion as a motion for leave to sue when the bankruptcy court obviously did not do so. Substantive issues were not yet determined by the bankruptcy court. *See In re Castillo,* 248 B.R. 153, 156 (9th Cir. BAP 2000) (review of substantive issue to determine if the bankruptcy court abused its discretion in granting leave to sue); *Trustees for Alaska v. Hodel,* 806 F.2d 1378, 1381 (9th Cir.1986) (claim is ripe for review if the legal issues presented require no further factual development and the challenged action is final).

Krasnoff simply failed to follow well-established legal principles at the trial level. We therefore reject any characterization of the abstention motion as a motion for leave to sue.

### C. The Bankruptcy Court Lacked Jurisdiction to Rule on the Motion for Abstention

#### (1) Basis for Jurisdiction

■■■ We examine *sua sponte* the bankruptcy court's jurisdiction, because a judgment entered without jurisdiction is void. *See Jones v. Giles,* 741 F.2d 245, 248 (9th Cir.1984). When the bankruptcy court lacks jurisdiction, "we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit."

---

5. Krasnoff maintains that he was not required to obtain leave to sue for various reasons. Those defenses are for the trial court to resolve, and we decline to address them here.

6. "All pleadings shall be so construed as to do substantial justice." Fed.R.Bankr.P. 7008/ Fed.R.Civ.P. 8(f). Under the Federal Rules of

Civil Procedure, pleadings serve a notice function. 5 C. Wright & A. Miller, Federal Practice and Procedure, Civil 2d § 1202 (1986). A court should not allow a hyper-technical error in pleading to elevate form over substance. *In re Nagel,* 245 B.R. 657, 666 (D.Ariz.1999).

*Arizonans for Official English*, 520 U.S. at 73, 117 S.Ct. 1055 (quoting *United States v. Corrick*, 298 U.S. 435, 440, 56 S.Ct. 829, 80 L.Ed. 1263 (1936) (footnotes omitted)).

■■■ The bankruptcy court has original and exclusive jurisdiction over all cases under title 11, 28 U.S.C. § 1334(a), and original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11, 28 U.S.C. § 1334(b). 28 U.S.C. § 157(a). Proceedings "arise under" title 11 if they involve a cause of action created or determined by a statutory provision of title 11. *Harris Pine Mills*, 44 F.3d at 1435 (citing *In re Wood*, 825 F.2d 90, 96–97 (5th Cir.1987)). Proceedings that "arise in" title 11 refer to administrative matters that arise only in bankruptcy cases and that would have no existence outside of bankruptcy. *Id.* A "related to" proceeding may be related to the bankruptcy because of its potential effect, but it does not invoke a substantive right created by the Bankruptcy Code and could exist outside of bankruptcy. *Id.*

■■■ The scope of the bankruptcy court's subject matter jurisdiction is determined by whether the claims presented are "core" or "noncore" proceedings. Claims that arise "under" or "in" title 11 are "core," while claims that are "related to" title 11 are "noncore" proceedings. *Id. See also* 28 U.S.C. § 157(b)(2) (containing 15 illustrations of core proceedings).

The rules of abstention require an examination of these same characteristics. In bankruptcy proceedings, there are two forms of statutory abstention: mandatory and discretionary. 28 U.S.C. § 1334(c).

Krasnoff asserted that the bankruptcy court was required to abstain from asserting jurisdiction over the state law claims against Marshack according to the rules for mandatory abstention. He maintained that the action, which asserted state law claims for negligence and breach of fiduciary duty against a former trustee, who was alleged to be personally liable, was only related to the bankruptcy and was not a core matter.

■■■ The mandatory abstention provision, 28 U.S.C. § 1334(c)(2), indicates "a clear congressional policy . . . to give state law claimants a right to have claims heard in state court." *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir.1986). This section provides in relevant part:

> Upon timely motion of a party **in a proceeding** based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added).

■■■ Thus, mandatory abstention requires seven elements:

> (1) A timely motion; (2) a purely state law question; (3) **a non-core proceeding** § 157(c)(1); (4) a lack of independent federal jurisdiction absent the petition under Title 11; (5) that an action is commenced in a state court; (6) the state court action may be timely adjudicated; (7) a state forum of appropriate jurisdiction exists.

*In re World Solar Corp.*, 81 B.R. 603, 606 (Bankr.S.D.Cal.1988) (emphasis added).

In ruling on the merits of the motion, the bankruptcy court determined that the matter was core, and it exercised its discretionary powers to deny abstention. Discretionary abstention is governed by 28 U.S.C. § 1334(c)(1), which provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing **a particular proceeding**

arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334 (emphasis added).

 "[A]bstention provisions implicate the question whether the bankruptcy court should exercise jurisdiction, not whether the court has jurisdiction in the first instance.... The act of abstaining presumes that proper jurisdiction otherwise exists." *In re S.G. Phillips Constructors, Inc.,* 45 F.3d 702, 708 (2nd Cir.1995). The abstention rules, both mandatory and discretionary, clearly require "a proceeding" in order for the bankruptcy court to abstain.

### (2) The Abstention Motion Did Not Present a Live Controversy Over Which the Bankruptcy Court Could Assert Jurisdiction

 One of the threshold requirements for mandatory or discretionary abstention, as set forth above, is that there must be a "proceeding" from which the bankruptcy court can abstain. *See In re Hughes–Bechtol, Inc.,* 141 B.R. 946, 948–49 (Bankr.S.D.Ohio 1992) (describing a non-core proceeding as "a proceeding filed in the bankruptcy court alleging a cause of action....").

A bankruptcy complaint must be filed with the clerk of court in the district in which the case is pending. Fed. R.Bankr.P. 7003/Fed.R. 3; Fed.R.Bankr.P. 5005. There is no pending proceeding unless an action either has been filed in a court, or has been removed to it. *Cf. Security Farms v. Int'l Bhd. of Teamsters,* 124 F.3d 999, 1009 (9th Cir.1997) (abstention in favor of a state court proceeding can only exist where there is a parallel proceeding in state court, and cannot exist where such proceeding has been removed to federal court); *See* Fed.R.Bankr.P. 9027; 28 U.S.C. § 1452.

 A "bedrock requirement" for federal jurisdiction is the existence of a "case" or "controversy." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). "[I]t is quite clear that 'the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.'" *Flast v. Cohen,* 392 U.S. at 96, 88 S.Ct. 1942 (citing C. WRIGHT, FEDERAL COURTS 34 (1963)). The doctrine of justiciability is a blend of constitutional and policy or prudential considerations. *Id.* at 97, 88 S.Ct. 1942.

 The doctrine of ripeness is also attributed to Article III's justiciability theory. Under this doctrine, courts should not render decisions absent a genuine need to resolve a real dispute. 13A C. WRIGHT, A. MILLER & E. COOPER, FED.PRAC. & PROC.JURIS.2D § 3532.1 (1982).

In the context of this case, the "live controversy" must be a "proceeding" upon which § 1334(c) can operate. *In re The Bible Speaks,* 65 B.R. 415, 431 (Bankr. D.Mass.1986). The motion for abstention lacked the essential elements of a justiciable controversy. *See Di Giorgio,* 134 F.3d at 974. Krasnoff did not file a parallel proceeding in bankruptcy court. Neither Krasnoff nor Marshack removed the state court action to bankruptcy court. The claims were never placed before the court, in the form of an adversary proceeding, over which the bankruptcy court could obtain jurisdiction. Therefore, the motion for abstention filed by Krasnoff was premature.

Krasnoff contends that requiring duplicate filings in state court and bankruptcy court is neither practical nor legal. His argument raises prudential concerns. Federal practice and case law do not support his theory, however.

Under pre-Code law, the Supreme Court held that it was proper for a bankruptcy court to submit to the state court "controversies" involving unsettled questions of state law, which arise during the administration of the bankruptcy estate in federal court. *Thompson v. Magnolia Petroleum*

*Co.,* 309 U.S. 478, 483, 60 S.Ct. 628, 84 L.Ed. 876 (1940).

■ Concurrent state and federal court filings must exist for the application of a nonstatutory federal abstention-type doctrine that is based on "wise judicial administration," where the same or similar issues are raised in both state and federal court proceedings. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). As the *Colorado River* doctrine is applied in the Ninth Circuit, federal trial courts must stay, rather than dismiss, actions in which they decide to defer to state court proceedings. *In re Bellucci,* 119 B.R. 763, 775 (Bankr. E.D.Cal.1990) (applying the *Colorado River* doctrine in bankruptcy court).

Other judge-made federal abstention doctrines, which ordinarily are not utilized in bankruptcy court, may not require a pending state court proceeding, but cases which apply them typically involve a pending federal suit. *See Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (abstention based on comity is appropriate if the federal lawsuit involves difficult questions of state law, resolution of which is a matter of substantial local concern); *Railroad Comm'n of Tex. v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 189, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959) (abstention appropriate when a lawsuit presents a "federal constitutional issue [that] might be mooted or presented in a different posture by a state court determination of pertinent state law.").

The lack of case law on point to support Krasnoff's theory that an action need not be pending in bankruptcy court in order for the bankruptcy court to assert jurisdiction over the action suggests that his approach is not permissible under the Code's abstention provisions. *See In re Toplitzky,* 227 B.R. 300, 303 (9th Cir. BAP 1998).

Krasnoff cites contrary authority. However, neither *In re Menk,* 241 B.R. 896 (9th Cir. BAP 1999) nor *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1167 (9th Cir.1990), support his theory. In *Menk,* the panel was discussing an unnecessary motion to reopen as a prerequisite to core jurisdiction over a nondischargeable proceeding. In *Tucson Estates,* the same jurisdictional question was not at issue because it analyzed the application of permissive abstention in considering "cause" for relief from the automatic stay of § 362(d)(1) as to a state court trial.

In the case at bar, the bankruptcy court determined that it could use its discretion to deny abstention pursuant to § 1334(c)(1) even though there was no proceeding before it. In other words, the bankruptcy court essentially said: "If anyone asks me to hear the merits of this matter that is now at the state court, I will have the jurisdiction to do so. Does anyone want me to hear it?" Such a decision was beyond the scope of the bankruptcy court's jurisdiction.

### CONCLUSION

The bankruptcy court did not deem Krasnoff's motion for abstention to be a motion for leave to sue Marshack in state court, and it cannot be so characterized, as a matter of law, because substantive factual issues were unresolved. Since there was no adversary proceeding in bankruptcy court, the bankruptcy court lacked jurisdiction over the motion for abstention of such action. Therefore, the court's order denying the motion for abstention must be and is hereby VACATED.